IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE EAMON FOUNDATION,<br><br>          Plaintiff,<br><br>v.<br><br>TIME IN, LLC d/b/a TIME IN APPAREL and CHARLES A. GOLDBERG,<br><br>          Defendants. | No. 2:20-cv-01250-AJS<br><br>**JURY TRIAL DEMANDED**<br><br>**ELECTRONICALLY FILED** |

## CONSENT DECREE

## INTRODUCTION

**WHEREAS**, on August 21, 2020, The Eamon Foundation (the "Plaintiff" or "Eamon"), filed a Complaint [ECF No. 1] against Defendants Time In, LLC d/b/a Time In Apparel ("Time In") and Charles A. Goldberg ("Goldberg") (collectively, the "Defendants") asserting claims for injunctive relief and declaratory relief for trademark infringement, unfair competition, dilution of trademarks, and unjust enrichment; and

**WHEREAS**, Eamon also filed a Motion for Preliminary Injunction ("Motion") [ECF No. 3] and a Brief in Support thereof ("Brief") [ECF No. 4]; and

**WHEREAS**, the Defendants deny any and all allegations set forth in the Complaint, Motion, and Brief; and

**WHEREAS**, Goldberg claims to have entered into a written license or agreement with Myron Cope permitting Goldberg to manufacture, produce and/or sell the products identified in Eamon's Complaint (the "Alleged Agreement"); and

**WHEREAS**, the Alleged Agreement is over 40 years old and Defendants are currently unable to locate a copy of the Alleged Agreement; and

**WHEREAS,** Eamon denies that the Alleged Agreement exists; and

**WHEREAS**, on or about April 17, 2020, Goldberg filed U.S. Trademark Application No. 88/876,666 for the mark "THE TERRIBLE MASK" for use with protective face masks not for medical purposes; and

**WHEREAS**, on August 24, 2020, the Court entered a Scheduling Order relative to, *inter alia*, Eamon's Motion (the "August 24th Scheduling Order"); and

**WHEREAS**, Eamon and the Defendants enter into this Consent Decree jointly and for the exclusive purpose of avoiding the risks, burdens and uncertainties of litigation; and

**WHEREAS**, unless otherwise provided herein, this Consent Decree is intended to resolve all claims, causes of action and damages arising out of and/or relating to the above-captioned action; and

**WHEREAS**, nothing in this Consent Decree shall constitute or be construed as an acknowledgment, agreement, admission, statement, concession, or evidence of liability by the Defendants and/or Eamon.

## **TERMS**

1. The foregoing recitals are incorporated herein by reference.

2. Defendants shall immediately:

    a. refrain from using Eamon's marks, including, but not limited to, all of the marks identified in Eamon's Complaint as the Federal Terrible Marks, the Pennsylvania Terrible Mark, and the Common Law Terrible Mark, or any elements thereof, or colorable variation thereof, for any purpose whatsoever, including, but not limited to, the sale of masks, face coverings, gaiters and/or other products and accessories;

    b. refrain from contesting, disputing, opposing, challenging or attempting to cancel any application, registration or use of Eamon's marks, including future marks of Eamon including the word "terrible";

    c. refrain from prosecuting any trademark application for registration of a mark including the word "terrible", or seeking to register a domain name including the word "terrible";

    d. refrain from using the phrase "the terrible" on or in connection with the sale of any product or accessory item;

    e. refrain from passing themselves off as the owners, officers, agents, distributors, and/or employees of Eamon and/or the Pittsburgh Steelers;

    f. refrain from passing themselves off as having any business relationship whatsoever with Eamon and/or the Pittsburgh Steelers; however, this would not prevent any references from authorized sources of non-infringing marks such as if Defendants were to obtain a license from NFL Properties or NFLPA;

g. refrain from manufacturing, marketing, advertising and/or selling products which infringe upon Eamon's marks, including, but not limited to, all of the marks and products identified in Eamon's Complaint as the Federal Terrible Marks, the Pennsylvania Terrible Mark, and the Common Law Terrible Mark, or any elements thereof;

h. refrain from creating, printing and/or disseminating any advertisements, product catalogs, or other marketing materials which infringe upon Eamon's marks, including, but not limited to, all of the marks identified in Eamon's Complaint as the Federal Terrible Marks, the Pennsylvania Terrible Mark, and the Common Law Terrible Mark, or any elements thereof, or colorable variation thereof, for any purpose whatsoever;

i. recall any and all advertisements, product catalogs, or marketing materials which infringe upon Eamon's marks, including, but not limited to, all of the marks identified in Plaintiff's Complaint in the above-captioned matter as the Federal Terrible Marks, the Pennsylvania Terrible Mark, and the Common Law Terrible Mark, or any elements thereof, or colorable variation thereof, for any purpose whatsoever;

j. remove any infringing materials or information accessible upon the Defendants' website -- https://www.timeinapparel.com/ -- or any other website which is owned, maintained, operated and/or controlled by one or both Defendants or any third party owned, operated and/or controlled by one or both Defendants;

k. refrain from aiding, abetting, encouraging or inducing any third parties, including, but not limited to, S & S Screen Printing, Inc., to engage in any of the aforementioned prohibited acts; and

l. refrain from effectuating assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the directives of this Consent Decree.

3. Within thirty (30) days from the entry of this Consent Decree, Defendants have the right to file a copy of the Alleged Agreement with the Court.

4. If the Defendants file the Alleged Agreement with the Court within thirty (30) calendar days of the entry of this Consent Decree, this Consent Decree shall automatically dissolve, and the Court shall enter a new scheduling order concerning Eamon's Motion. Eamon and the Defendants shall thereafter proceed with the case as if this Consent Decree was never entered, and neither Eamon nor the Defendants shall be deemed to have waived, prejudiced, released, or otherwise limited any of their respective rights, remedies, claims and/or defenses.

5. If the Defendants do not file the Alleged Agreement with the Court within thirty (30) calendar days of the entry of this Consent Decree, then:

   a. this Consent Decree shall automatically become forever effective and binding upon the Defendants as well as any third party owned, operated and/or controlled by one or both Defendants;

   b. Goldberg shall immediately and expressly abandon (withdraw) U.S. Trademark Application No. 88/876,666; and

   c. the Court shall retain jurisdiction to enforce and/or interpret the terms and conditions of this Consent Decree.

(31) The August 24th Scheduling Order [ECF No. 8] is hereby rescinded.

(32) The court-appointed mediator, David G. Oberdick, Esquire, has reviewed,

commented upon, and assisted the parties with finalizing the terms and conditions of this Consent Decree.

8. Mr. Oberdick shall remain as the court-appointed mediator to assist the parties going forward, if necessary.

Eamon and the Defendants, by and through their undersigned counsel, hereby agree to the terms and conditions of this Consent Decree and respectfully request the entry thereof.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

By: /s/Brian H. Simmons
Brian H. Simmons (PA Bar No. 84187)
Bryan H. Opalko (PA Bar No. 86721)
Eric M. Spada (PA Bar No. 311446)
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
412-562-8800 (phone)
412-562-1041 (fax)
brian.simmons@bipc.com
bryan.opalko@bipc.com
eric.spada@bipc.com

Attorneys for Plaintiff

**THE WEBB LAW FIRM**

By: /s/John C. Thomas
John C. Thomas (PA Bar No. 85532)
One Gateway Center
420 Fort Duquesne Boulevard, Suite 1200
Pittsburgh, PA 15222
412-471-8815 (phone)
412-471-4094 (fax)
jthomas@webblaw.com

Attorneys for Defendants

Approved and entered this __28th__ day of __August__, 2020.

**BY THE COURT:**

s/Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge